IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Michael Williams, | ) | C.A. No. 7:09-1144-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Intier Automotive Interiors of | ) | |
| America, Inc., d/b/a/ Magna, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | **O R D E R** |
| Michael Williams, | ) | C.A. No. 7:09-1960-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Omega Laboratories, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Motions to Consolidate filed in the above two actions [Docket Entry #13 in Case No. 7:09-1960 and Docket Entry #12 in Case No. 7:09-1960]. The defendants in both cases have filed responses opposing the motions.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." It is well-settled that district courts have broad discretion in determining whether to consolidate cases pending in the same district, and here, before the same judge. *See A/S J. Ludwig Mowincklse Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). In *Arnold v. Eastern Air Lines, Inc*., 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & Miller, Federal Practice & Procedure: Civil § 2383 (1971), the Fourth Circuit found the "critical question" on the decision whether to consolidate is "whether the specific

risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

After balancing the above factors in the instant case, the Court concludes that the motions to consolidate should be denied. While consolidation might be possible, the Court is concerned with juror confusion as well as alleged prejudice that could result. The two cases involve completely different defendants, different defenses, and entirely different areas of law and remedies. The plaintiff's case against Intier Automotive (Case No. 7:09-1144-RBH), is an employment discrimination claim against the plaintiff's employer under Title VII. Pretrial proceedings have been referred to a Magistrate Judge under the Local Rules which provide for automatic referrals of pretrial proceedings in employment cases. The case against Omega Laboratories (Case No. 7:09-1960-RBH) is a state common law action alleging negligence, res ipsa loquitur, unfair trade practices, libel, and slander arising from the administration of a drug test performed at the request of the employer, resulting in an alleged false positive test result.

The facts in the two actions are somewhat intertwined in that both actions involve facts relating to the drug tests. In the employment discrimination case, the positive drug test was the reason given by the employer for the alleged adverse employment action, a reason which the plaintiff claims is pretextual. An issue for determination in that case will be whether the evidence shows that the reason for the adverse employment action by the employer was the positive drug test or whether the real reason was the impermissible factor of race. In the case against Omega, the plaintiff is seeking to prove that the lab incorrectly administered the test, resulting in an inaccurate result, and that he suffered damage as a result. Although consolidation of the two cases would promote judicial economy in that some of

the witnesses would be the same, there is a significant likelihood of confusion by the jury and prejudice to the defendants if the actions are consolidated. The plaintiff has not provided the Court with any authority in which an employment discrimination case under federal law has been consolidated with a case against an entirely different defendant based on state law.

In addition, there does not appear to be a danger of inconsistent adjudication if the cases are not consolidated. The outcome or result in one case is not dispositive or dependent on the outcome of the other and both defense counsel should be aware of such, to the extent either rely on the determination of the other's case. If the plaintiff prevailed on his racial discrimination claim, there would be no inconsistency if he also prevailed on his claim against the lab. If the plaintiff did not prevail on his racial discrimination claim and the fact finder thus believed that the reason for the adverse employment action was the positive drug test, this would not be inconsistent with a verdict for the plaintiff on his claim against the lab. If the plaintiff prevailed on his racial discrimination claim, then a finding for the lab on the state law claims against the lab would not be inconsistent. If the plaintiff did not prevail on his racial discrimination claims, this would not be inconsistent with a verdict for the defendant lab if the defendant is able to prove that it followed proper procedures.

Therefore, on the basis of the above analysis, the Court finds that the potential benefits of judicial economy are outweighed in this case by the risk of juror confusion and prejudice to the defendants, as argued by the defendants.

The motions to consolidate are accordingly denied.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

December 10, 2009