IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Michael Williams, | ) |
|                           Plaintiff, | ) Civil Action No. 7:09-1144-RBH-WMC |
| vs. | ) **O R D E R** |
| Intier Automotive Interiors of America, Inc., d/b/a Magna, | ) |
|                           Defendant. | ) |

This matter is before the court on the defendant's motion for more definite statement (doc. 70). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

The plaintiff was employed with the defendant from approximately January 2008 to May 2009 in the Quality Department. On July 8, 2008, the plaintiff was chosen for a random drug test. On or about July 21, 2008, the plaintiff was told that this drug test was positive for marijuana use, he was demoted, and he had his salary reduced by $20,000 per year. The plaintiff denied the validity of the test result and immediately was retested by an independent lab. The independent lab test result was negative for marijuana. The plaintiff provided this result to the defendant, but the defendant did not reinstate the plaintiff. The plaintiff insisted that the defendant have the specimen collected on July 8, 2008, retested. When the defendant did not do so, the plaintiff took action which led to the retesting of the original specimen. According to the plaintiff, the result of the retest was negative for marijuana.

The plaintiff filed a charge of discrimination with the EEOC in October of 2008 based on a failure to receive performance reviews provided to similarly-situated Caucasian

employees of the defendant. He filed the initial complaint against the defendant on May 1, 2009. He was terminated from employment by the defendant on May 15, 2009. In his amended complaint filed in December 2009, the plaintiff alleged causes of action against the defendant for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

On March 24, 2010, this court granted the plaintiff's motion to amend his complaint to add causes of action for breach of contract and breach of contract accompanied by fraud against the defendant. The plaintiff alleges as follows in the new causes of action:

> **FOR A THIRD CAUSE OF ACTION**
> **BREACH OF CONTRACT**
> 26.    The foregoing allegations contained in the Complaint are incorporated by reference herein as if fully restated verbatim.
> 27.    As part of Plaintiff's employment with Defendant he was given an employee handbook.
> 28.    The handbook gives rise to various promises, expectations, and benefits to Plaintiff including progressive discipline and a fair chance to correct problems.
> 29.    An additional set of promises, expectations and benefits was provided to Plaintiff in July 2008 pertaining to drug/alcohol screening. Specifically, Plaintiff was promised that he would be provided a company physician with specific training to interpret and evaluate all positive test results in addition to evaluating the medical history to consider alternative explanations for a positive result. Plaintiff was also given oral promises that he would be given a fair means by which to challenge or refute any allegedly erroneous drug/alcohol test.
> 30.    These promises, expectations, and benefits form a contract with Plaintiff.
> 31.    Defendant breached this contract by failing to provide Plaintiff a fair opportunity to refute the erroneous drug test, failing to provide Plaintiff progressive discipline, and failing to provide Plaintiff a company physician to evaluate the drug test result and discuss with Plaintiff alternative explanations for the result.
> 32.    This breach of contract caused Plaintiff damages, including but not limited to, lost wages, unnecessary drug test courses and emotional distress.

**FOR A FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT ACCOMPANIED BY FRAUD**
33.    The foregoing allegations contained in the Complaint are incorporated by reference herein as if fully restated verbatim.
34.    Defendant represented to Plaintiff that he would be provided a fair opportunity to refute any erroneous drug test.
35.    This representation was false and material.
36.    Upon information and belief, Defendant knew of the falsity or had reckless disregard for its falsity.
37.    Defendant intended that the representation be acted upon by Plaintiff.
38.    Plaintiff was ignorant of the statement's falsity and relied on the statements truth.
39.    Plaintiff had a right to rely on the statement's truth.
40.    Plaintiff was consequently and proximately injured.

(Pl. 2nd amended comp.).

On April 12, 2010, the defendant filed a motion for a more definite statement.

On April 23, 2010, the plaintiff served supplemental interrogatory responses that read as follows:

> 1.    Identify all persons who know the facts supporting the claims you assert in this case, and set forth a statement of the facts you believe each such person knows, and whether or not the person has given or recorded statement.
>
> **SUPPLEMENTAL ANSWER:**
> Tom Heiman. Mr. Heiman has been deposed in this matter and is expected to testify consistent with his deposition. Specifically, Mr. Heiman is expected to testify that he gave a seminar in or about July, 2008, in which a new drug test policy for Defendant was explained and presented.
>
> 5.    Identify each and every document, statement, representation, provision, term or condition upon which you rely in support of the claims in your Complaint, including which claim(s) each document supports.
>
> **SUPPLEMENTAL ANSWER:**
> The representations made by Mr. Heiman in or about July 2008 at the seminar conducted for Defendant's new drug test policy form a part of the basis of Plaintiff's claim breach of contract accompanied by fraud in the amended complaint. However, discovery is ongoing in the claims of breach of contract and

> breach of contract accompanied by fraud and Plaintiff reserves the right to supplement this response as discovery proceeds.

(Pl. resp., ex. 2).

The defendant responded with a letter requesting more information, specifically: "the terms of the contract, when the offer was allegedly made, what consideration was given for the alleged contract, when the consideration was allegedly given, and whether there is a writing evidencing the alleged contract" (pl. resp., ex. 3). The plaintiff responded with an additional supplemental interrogatory response on April 29, 2010, that read as follows:

> 5. Identify each and every document, statement, representation, provision, term or condition upon which you rely in support of the claims in your Complaint, including which claim(s) each document supports.
>
> **SUPPLEMENTAL ANSWER**:
> The terms of the contract Plaintiff alleges was breached by Defendant are as follows: the written terms included in the revised drug test policy implemented by Defendant in approximately July, 2008; the explanation and description provided for the agreement in approximately July 2008 wherein Plaintiff and other employees were told that the policy included a full and fair opportunity to dispute a "false positive" either through a second test or retest of the "false positive" specimen; and reinstatement if in fact the test was erroneous.
>
> The offer was made to Plaintiff at a seminar in or about July, 2008, in which a new drug test policy for Defendant was explained and presented.
>
> While discovery is ongoing on this matter and Plaintiff is unable to practically articulate all the ways Defendant may perceive the benefits and burdens of this bargained-for exchange, at this stage from Plaintiff's perspective, the consideration given for the contract is the bargained-for exchange whereby Defendant required Plaintiff to comply with the new drug policy in order to maintain his employment. Likewise, Defendant agreed to comply with the terms of the new drug policy. This consideration was given in approximately July 2008.
>
> There is a writing evidencing some of the contract and that writing is the drug policy implemented as a supplement to the

employee handbook in approximately July 2008. There were additional oral promises made accompanying this drug policy in approximately July 2008.

(Pl. resp., ex. 4).

The defendant argues the recently added claims fail to meet the notice pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and has moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). The plaintiff opposes the motion and requests that the court issue a protective order to protect him from the defendant's "abusive behavior" in taking "every opportunity to object and obstruct Plaintiff's breach of contract claims." The defendant filed a reply noting that its counsel had offered to withdraw its motion if the plaintiff would amend his complaint to include the information from his supplemental response to Interrogatory No. 5. The defendant notes that it is not clear from the amended complaint how many contract(s) the plaintiff alleges were breached. Further, the defendant argues that the plaintiff cannot avoid amendment of his complaint simply by serving supplemental discovery responses.

This court has reviewed the arguments and law provided by the parties in their memoranda and finds that the plaintiff's new causes of action do not "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, the defendant's motion for a more definite statement (doc. 70) is granted. The plaintiff is directed to include the alleged facts contained in his supplementary answer to Interrogatory No. 5 in a third amended complaint. The plaintiff's motion for a protective order (doc. 73) is denied.

IT IS SO ORDERED.

May 4, 2010                                                     s/William M. Catoe
Greenville, South Carolina                       United States Magistrate Judge