IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Michael Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | C.A. No.: 7:09-CV-01144-JMC |
| Intier Automotive Interiors of America, Inc. ) | |
| d/b/a Magna ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

      This matter is before the court on the Magistrate Judge's Report and Recommendation [Doc. 87] recommending that Defendant Intier Automotive Interiors of America, Inc.'s ("Magna") partial Motion to Dismiss [Doc. 78] be granted as to Plaintiff Michael Williams's ("Mr. Williams") cause of action for breach of contract by a fraudulent act, and denied as to Mr. Williams's cause of action for breach of contract. After a thorough review of the record in this matter, the applicable law, the Magistrate Judge's Report and Recommendation, and Mr. Williams's objections, the court adopts the Magistrate Judge's Report and Recommendation for the reasons stated below.

### STANDARD OF REVIEW

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## FACTUAL AND PROCEDURAL BACKGROUND

The court incorporates by reference the Magistrate Judge's recitation of the facts and procedural background of this case. [Doc. 87, at 1-2].

## STANDARD OF REVIEW

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of

2

truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

With respect to Mr. Williams's claim for breach of contract accompanied by fraud [Doc. 77, at 6, ¶¶ 33-40], the Magistrate Judge concluded that Mr. Williams's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6). In South Carolina, to plead a cause of action for breach of contract accompanied by fraud, "the plaintiff must plead facts establishing three elements: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach." *Harper v. Ethridge*, 290 S.C. 112, 119, 348 S.E.2d 374, 378 (Ct. App. 1986) (citing *Floyd v. Country Squire Mobile Homes, Inc.*, 287 S.C. 51, 336 S.E.2d 502 (Ct. App. 1985). The Magistrate Judge concluded that in paragraphs 34-40 of his complaint, Mr. Williams "failed to allege a 'fraudulent act accompanying the breach.'"[Doc. 87, at 4].

In his objections, Mr. Williams responds by asserting that his complaint properly pleads all three elements of breach of contract accompanied by fraudulent act including the fraudulent act element at issue here.[1] [Doc. 88, at 2; Doc. 77, at 6, ¶¶ 31,32; Doc. 77 at 6, ¶ 37]. Mr. Williams asserts that he has plead the required facts to establish the third element because "the fraudulent act is the representation made by Defendant at the time of breach, who continued to represent that employees would be provided a full and fair opportunity to refute erroneous drug tests." [Doc. 88, at 3]. Mr. Williams asserts that the alleged fraudulent act is "articulated" in paragraph 29 of his

---

[1]Mr. Williams argues that "paragraphs 33-40 [of his complaint] properly plead the nine elements of fraud pursuant to South Carolina law." [Doc. # 88, at 4]. But properly pleading fraud is not sufficient to establish breach of contract accompanied by fraud. This latter cause of action "is not simply a combination of a claim for breach of contract and a claim for fraud. The action for breach of contract accompanied by a fraudulent act is not based on the same elements as an action for fraud (deceit)." *Ball v. Canadian American Express Co., Inc.*, 314 S.C. 272, 276, 442 S.E.2d 620, 622-23 (Ct. App. 1994) (citing *Harper v. Ethridge*, 290 S.C. 112, 348 S.E.2d 374 (Ct. App. 1986)).

complaint which states "Plaintiff and other employees were told that the [drug test] policy included full and fair opportunity to dispute a 'false positive' either through a second test or retest of the 'false positive' specimen . . . ." [Doc. 88, at 3]. Finally, Mr. Williams asserts that paragraph 29, which is included in his third cause of action for breach of contract, is incorporated by reference into the breach of contract accompanied by fraud claim in paragraph 33. [Doc. 77, at 5-6].

Under South Carolina law, "[the] fraudulent act is an act characterized by dishonesty in fact, unfair dealing, or unlawful appropriation of another's property by design." *Foxfire Village, Inc. v. Black & Veatch, Inc.*, 304 S.C. 366, 375, 404 S.E.2d 912, 918 (Ct. App. 1991). Furthermore, the court in *Foxfire* noted that "no decision of this Court or the Supreme Court has held that either nonfeasance or a mere statement without more satisfies the requirement that the breach must be accompanied by a fraudulent *act*." *Id.* at 376, 404 S.E.2d at 918 (emphasis supplied). The statements plead are alleged to be promises, and Mr. Williams may be able to establish his breach of contract claim arising out of these promises at trial. But Mr. Williams has alleged no facts, beyond these promises, to establish an accompanying fraudulent act. *See Id*. Merely incorporating paragraph 29 into the breach of contract accompanied by fraud claim is insufficient.

Furthermore, under South Carolina law, a plaintiff must provide "proof of fraudulent intent relating to the breaching of the contract and not merely to its making." *Ball v. Canadian American Express Co., Inc.*, 314 S.C. 272, 276, 442 S.E.2d 620, 623 (Ct. App. 1994) (citing *Harper v. Ethridge*, 290 S.C. 112, 348 S.E.2d 374 (Ct. App. 1986)). The court is not persuaded by Mr. Williams's argument that "[t]he fraudulent act is the representation made by Defendant at the time of breach, who continued to represent that employees would be provided a full and fair opportunity to refute erroneous drug tests." [Doc. 88, at 3]. To the contrary, the representations made in paragraph 29 are promises that relate to the making of the contract. The first sentence of paragraph 30 confirms this conclusion because, as Mr. Williams alleges, "[t]hese promises, expectations, and

4

benefits were **offered** to Plaintiff in or about July 2008 and **form a contract** with Plaintiff." [Doc. 77, at 5, ¶ 30] (emphasis added). In that same paragraph, Plaintiff continues by alleging that the promises referred to in paragraph 29 were supported by consideration, and these too are allegations that relate to the making of a contract. For these reasons, Mr. Williams's objection to the Magistrate Judge's recommendation that this court dismiss his breach of contract accompanied by fraud claim is overruled.

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation [Doc. 87] and **GRANTS** Magna's Partial Motion to Dismiss as to the breach of contract accompanied by fraud claim with prejudice. The court **DENIES** Magna's Motion to Dismiss with respect to the breach of contract claim.

IT IS SO ORDERED.

                                              s/ J. Michelle Childs
                                              United States District Judge

Greenville, South Carolina
February 10, 2011