IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Michael Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | C.A. No.: 7:09-cv-01144-JMC |
| Intier Automotive Interiors of America, ) | |
| Inc. d/b/a Magna, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's Motion for Summary Judgment [Doc. 99] on Plaintiff Michael Williams's claims of race discrimination under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, retaliation, and breach of contract. The Magistrate Judge's Report and Recommendation [Doc. 114] recommends that Defendant's motion be granted. After a thorough review of the applicable law, the Magistrate Judge's Report and Recommendation, and the objections filed by Plaintiff, the court adopts the Magistrate Judge's Report and Recommendation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the

1

Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report and Recommendation herein without a recitation.

After receiving the Magistrate Judge's Report and Recommendation, Plaintiff timely filed objections. Objections to the Report and Recommendation must be specific. In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court finds that the majority of Plaintiff's objections are merely restatements of the arguments made in his initial filings and do not alert the court to matters that were erroneously considered by the Magistrate Judge. However, the court notes one objection presented by Plaintiff which merits further comment from this court.

Regarding Plaintiff's retaliation claim, Plaintiff argues that "the Magistrate's argument that Plaintiff cannot show pretext because another Caucasian was terminated at the same time as Plaintiff and that Caucasian did not file an EEOC charge or federal complaint is untenable and not the law." [Doc. 118]. However, upon a thorough review of the Magistrate Judge's Report and Recommendation, it is clear that while the Magistrate Judge makes note of the termination of a Caucasian employee, the Magistrate Judge's recommendation was not based on this finding. Rather, the Magistrate Judge found that Plaintiff did not present any evidence that Defendant's stated reason for Plaintiff's termination was pretext for retaliation. Once Defendant produces sufficient evidence to support a nondiscriminatory basis for its action, it is Plaintiff's burden to

prove the reasons offered by Defendant were a pretext for discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000).

Accordingly, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. Defendants' Motion for Summary Judgment [Doc. 99] is **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
January 9, 2012

3